IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT E. GREEN,

                      Petitioner,

        v.                              CASE NO. 17-3054-JWL

(FNU) THOMAS, Warden,
CCA Detention Center,

                      Respondent.

**MEMORANDUM AND ORDER**

    This matter is before the court on a petition filed under 28 U.S.C. § 2241 by a prisoner held at the Leavenworth, Kansas, detention facility operated by the Corrections Corporation of America ("CCA"). Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

    The court has conducted an initial review of the petition and enters the following findings and order.

**Background**

    Petitioner was convicted following a bench trial in the U.S. District Court for the Western District of Missouri. *United States v. Green*, 2011 WL 133033 (W.D. Mo. Jan. 13, 2011). The conviction was affirmed on appeal. *United States v. Green*, 691 F.3d 960 (8th Cir. 2012). Petitioner claims that the trial judge retained all of the exhibits filed during the trial that could show petitioner's innocence, thereby preventing the federal appellate court from adequately reviewing his trial for error (Doc. #2, p. 2).

**Discussion**

The federal courts are authorized to grant habeas corpus relief to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3).

As a federal prisoner, petitioner may challenge the legality of his conviction by filing a habeas petition under 28 U.S.C. § 2255 in the district of his conviction. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Ordinarily, a prisoner may seek relief under Section 2255 only once. *See* 28 U.S.C. § 2244. In limited circumstances, and with prior authorization from the appropriate federal court of appeals, a prisoner may file a second or successive application under Section 2255. 28 U.S.C. § 2255(h)(1).

A federal prisoner also may challenge the execution of his sentence by filing a petition under 28 U.S.C. § 2241 in the district of his confinement. *Brace*, 634 F.3d at 1169. The remedy under Section 2241 ordinarily does not extend to a challenge to the validity of a petitioner's conviction. *See Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011)(a prisoner challenging the validity of a federal conviction or sentence "may seek and win relief only under the pathways prescribed by §2255.") The remedy under Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Congress has created a single exception to this rule by a savings clause that allows a federal prisoner to resort to Section 2241 to challenge the validity of his conviction if the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). However, Section 2255 has been found to be an inadequate or ineffective remedy in only "extremely limited

circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Notably, a failure to obtain relief under Section 2255 does not establish that the remedy is inadequate or ineffective, *Bradshaw*, 86 F.3d at 166; nor does the fact that that remedy may be time-barred render it inadequate or ineffective. *Barron v. Fleming*, 2002 WL 244851 at *1 (10th Cir. Feb. 21, 2002)(unpublished).

Here, the petition does not suggest any ground that would allow petitioner to seek relief from his conviction under Section 2241. His post-conviction remedy for challenging the validity of his conviction is an action under Section 2255, and there is no showing that the remedy under that section is inadequate or ineffective. If petitioner wishes to challenge his federal conviction, his sole remedy is to file a petition under Section 2255 in the Western District of Missouri.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is denied.

IT IS FURTHER ORDERED petitioner's motion to proceed in forma pauperis (Doc. #2) is granted.

**IT IS SO ORDERED.**

DATED: This 7th day of April, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum

JOHN W. LUNGSTRUM
U.S. District Judge